**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**ISAAC L. PETERSON,**

      **Plaintiff,**

**vs.**                                    **Case No. 4:10cv332-MP/WCS**

**MICHAEL R. McCOY,**

      **Defendant.**

_____/

## REPORT AND RECOMMENDATION

Defendants filed a motion to dismiss, doc. 22, asserting that Plaintiff had incurred three strikes under 28 U.S.C. § 1915(g), and was not entitled to *in forma pauperis* status in this case. I entered an order directing Plaintiff to respond by February 4, 2011, doc. 24, and Plaintiff objected, arguing that Defendants' motion was belated because they should have responded to the complaint by December 31, 2010. Doc. 27, citing doc. 20. I clarified in my last order that Plaintiff's argument as to the timeliness of the motion was incorrect, there was no prejudice in a one day delay, and the issue raised by Defendants was appropriate and could have been raised by the Court *sua sponte*. Doc. 28. Plaintiff has now filed a response, doc. 29, and the motion to dismiss is ready for ruling.

**Motion to Dismiss, doc. 22**

When Plaintiff commenced this case on August 4, 2010, doc. 1, he was incarcerated in the Florida Department of Corrections and requested leave to proceed *in forma pauperis*. Doc. 2. The motion was granted on August 25, 2010. Doc. 4.

Defendants have shown that Plaintiff has three cases dismissed for reasons under § 1915(g) which precluded Plaintiff being granted *in forma pauperis* status. Doc. 22, p. 2. Plaintiff had a case dismissed in this Court as barred by Heck v. Humphrey, case 3:09cv177. Another case Plaintiff filed in the Middle District of Florida was dismissed for the same reason, case 3:09cv1186, and another case in that court was dismissed for failure to exhaust state court remedies, case 3:10cv530. *Id.*, at 2. Thus, Defendants submit that Plaintiff has three strikes under § 1915(g) and was not entitled to proceed without full payment of the filing fee at the time this case was initiated. *Id.*

Furthermore, Defendants contend that this case should also be dismissed for Plaintiff's lack of candor and honesty in listing his prior cases on the civil rights complaint form. Plaintiff failed to disclose at least four cases he filed, three of which were mentioned above, and the other case was 5:08cv24, filed in this Court and dismissed pursuant to Plaintiff's motion to withdraw his complaint. *Id.*, at 6-7.

**Plaintiff's Response, doc. 29**

Plaintiff acknowledges having filed three prior cases. *Id.*, at 2. He states that case 3:09cv177 and 3:09cv1186 were civil rights cases and that each were dismissed without prejudice and was not a strike. Plaintiff states that the third case he filed, 3:10cv530 was a habeas case filed under 28 U.S.C. § 2254. *Id.* Plaintiff states he "has not incurred any qualifying dismissals of his cases under the three strike provision" of §

1915(g).  *Id.*  Plaintiff further states that he "mistakingly" completed the complaint and

amended complaint and his "unintentional error was not an attempt to lie or to mislead

the Court . . . ."  *Id.*, at 3.

**Plaintiff's prior cases**

Plaintiff filed case 3:09cv177-LC/MD in the Pensacola Division of this Court on

April 21, 2009.  Doc. 1.[1]  Plaintiff was granted *in forma pauperis* status in that case, doc.

7, and on the same day that order was entered, a report and recommendation was

entered to dismiss the case without prejudice.  Doc. 8.  The report and recommendation

was adopted and the case dismissed on June 10, 2009.  Doc. 13.  It is true the case

was dismissed without prejudice, doc. 8, but dismissal was due to the fact that Plaintiff

was seeking monetary damages on claims that challenged the lawfulness of his

conviction.  Such a claim is barred under Heck and Harden v. Patki, 320 F.3d 1289,

1295 (11th Cir. 2003).

Plaintiff also filed case 3:09cv1186 in the Middle District on December 4, 2009.

That case was a civil rights action brought under § 1983, and was dismissed on

December 18, 2009, with the order of dismissal citing Plaintiff's Pensacola Division case

(3:09cv177) and noting Plaintiff was essentially raising the same claim and it must also

be dismissed based on Heck v. Humphrey.  Doc. 5 of case 3:09cv1186.  The order of

dismissal was entered "without prejudice" but, as was the situation with the earlier case,

---

[1] Plaintiff did not acknowledge having filed any other cases in that complaint either.  Doc. 1.  Plaintiff should have listed case 5:08cv24 on that complaint form as it was filed a year earlier on January 22, 2008.  Plaintiff withdrew his complaint in that case.  Doc. 6.

dismissal was based on the fact that Plaintiff's claims have not arisen until his conviction is overturned in his favor pursuant to <u>Heck</u>.

The third case cited by Defendants, however, 3:10cv530, was filed in the Jacksonville Division of the Middle District of Florida and does not count as a strike. That case, as Plaintiff correctly states, was a habeas petition filed under § 2254. Only civil cases count as strikes under § 1915(g). Therefore, Plaintiff does not have three strikes and the motion to dismiss should be denied.

While there might at one time have been a need to require Plaintiff to file an amended complaint that fully, completely, and honestly disclosed all prior cases, that need no longer exists in light of this report and recommendation. What does remain is the need for an Answer and entry of a scheduling order. Defendant should be given ten days after the adoption of this report and recommendation to file an Answer.

In light of the foregoing, it is respectfully **RECOMMENDED** that Defendant's motion to dismiss, doc. 22, be **DENIED,** as Plaintiff does not have three "strike" under 28 U.S.C. § 1915(g); that Defendant be **ORDERED** to file an Answer within ten days of the date this report and recommendation is adopted, and the case be **REMANDED** for further proceedings.

**IN CHAMBERS** at Tallahassee, Florida, on February 23, 2011.


 S/      William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.
UNITED STATES MAGISTRATE JUDGE**

## <u>NOTICE TO THE PARTIES</u>

A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.